Mr. Chief Justice Shakeey
delivered-the opinion of the court.
This was an action of assumpsit instituted in the circuit court of .Yazoo County, by Austin, to recover the value of the one-fifth part of a crop of corn and cotton raised in 1828. It appears by the evidence that the - parties entered into an agreement to make a crop together on the plantation of the plaintiff Fowler, which Avas. to be divided, and the defendant was to have one-fifth of all that was raised. The declaration contains a count .on the special *158 contract, and also a count for work and labor, and for goods sold, &c. The parties, after a' protracted routine of demurrers and amendments went to trial on the pleas of non assumpsit, and payment. It will be unnecessary to notice any of the errors that are alleged to have occurred before the trial, if any such there was. During the progress of the trial, the defendant’s counsel took exception to the opinion of the court, which is contained in the first bill of exceptions. He requested the judge to charge the jury, “ that if the contract proved, varied substantially from the contract laid in the first count, they could not give a verdict for the plaintiff on either count;” which instruction the court refused to give, but instructed the jury that “though the special contract between the parties varied substantially from the one laid in the first count, in the declaration, yet the jury might find on the common counts.” The jury gave a verdict for Austin, and the defendant’s counsel moved the court for a new trial, and reduced the substance of the evidence given on the trial to writing, which is contained in a second bill of exceptions, according to the provisions of our statute. The motion was overruled, and the plaintiff, having spread the whole of the matters on the record, brought his writ of error.
One of the errors assigned is, “ that the court below erred in refusing to instruct the jury as required by the defendant’s counsel, and also in instructing the jury below, as will appear by the first bill of exceptions.” The substance of the evidence, as set out, shows that the defendant (the plaintiff below) endeavored to establish the contract by proving that he agreed with Fowler that he and his two sons, with the four hands of Fowler, should make a crop in 1828, on the land of the latter, of which Austin was to have the fifth.
How far this was at variance from the contract laid in the declaration was a matter for the jury to determine, and the whole subject of the contract being before them, it was a proper matter for the charge of the court. I shall not undertake to say, from the substance of the evidence, how far the contract, as proved, differed from that set up in the first count. It is admitted by the bill of exceptions that there was a substantial defence; if so, the court evidently erred in refusing to charge the jury as requested *159 by the counsel, and also, in charging them to the contrary as it did. If the party failed to prove his contract as laid, but did actually prove the existence of a different special contract, it is clear that he should not have recovered on any other contract than such as he could prove; and not having declared on it, he could not recover at all. Neither could he resort to the common counts, which are only intended to he used when no special agreement exists. If he had failed entirely in his proof of the agreement as laid, and it had not .appéared by the evidence that there wasr a subsisting special contract, then resort might have been had to the common counts. Lord Mansfield, in the case of Cook v. Munstone, cited in 2 Phillips on Evidence, 83, said, “ where a party declares on a special contract, seeking to recover thereon, but failed altogether, in his right so to do, he may recover on a general count, if the case be such that, supposing there had been no special contract he might still have recovered for money paid, or work and labor done.” In the same authority cited, it is further held, “that if the special contract has not been rescinded, and still remains open and operative, the plaintiff cannot recover on the general counts, if he fail- in the proof of the special contract.” This is the rule as recognised in the case of Clark v. Smith, 14 Johnson’s Reports, 326; 19 Johnson’s Reports, 212; Woody v. Flournay, 6 Munford’s Reports, 506; and it is in accordance with the first principles. Indebitatus assumpsit has, it is true,.been, held to be in a certain description of special contracts, but it is only when a specific sum is due by special agreement which has been fully executed, in which case, the sum so due may be recovered, unless the terms of the agreement be of such a nature as to preclude a recovery, except upon the contract itself. The case before us is not one of that description. No specific sum was agreed on, but the one-fifth of the crops to be raised in a particular manner, was to be given to Austin. I think a new trial should be granted.